[Cite as *Alvarado v. Rankin*, 2012-Ohio-5207.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| ANTONIO C. ALVARADO | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 2012 CA 0023 |
| vs. | : | T.C. CASE NO. 2011 CVH 03768 |
| MIKE RANKIN, REGISTRAR | : | (Civil Appeal from the Municipal Court) |
| Defendant-Appellee | : | |

· · · · · · · · ·

# O P I N I O N

Rendered on the 9th day of November, 2012.

· · · · · · · · ·

Wilfred L. Potter, Atty. Reg. No. 0029121, 234 North Limestone Street, Springfield, Ohio 45503
  **Attorney for Plaintiff-Appellant**

Michael F. Sheils, Prosecutor for the City of Springfield, Ohio, by T. Joann Huenke, Assistant City Prosecutor, Atty. Reg. No. 0073600, 50 East Columbia Street, Springfield, Ohio 45502
  **Attorney for Defendant-Appellee**

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   This appeal is taken from a final order of the Municipal Court denying Antonio C. Alvarado's Petition To Grant License pursuant to R.C. 4507.08.  Paragraph (D) of that section states that "no temporary instruction permit or driver's license shall be issued to or retained by, any of the following persons":

(5) Any person making an application whose driver's license or driving privileges are under cancellation, revocation, or suspension in the jurisdiction where issued or any other jurisdiction, until the expiration of one year after the license was canceled or revoked or until the period of suspension ends. Any person whose application is denied under this division may file a petition in the municipal court or county court in whose jurisdiction the person resides agreeing to pay the cost of the proceedings and alleging that the conduct involved in the offense that resulted in suspension, cancellation, or revocation in the foreign jurisdiction would not have resulted in a suspension, cancellation, or revocation had the offense occurred in this state. If the petition is granted, the petitioner shall notify the registrar by a certified copy of the court's findings and a license shall not be denied under this division.

{¶ 2} Alvarado was convicted of an OVI offense in the State of Illinois in 1986 and his driving privileges were suspended by Illinois as a result. He claims that his privileges were subsequently revoked by Illinois. During the intervening 26 years since his suspension, Alvarado has made multiple efforts to have his Illinois driving privileges restored, but to no avail, in a series of what he describes as Kafkaesque bureaucratic frustrations. Alvarado has been a resident of Ohio for 15 years.

{¶ 3} The petition that Alvarado filed states, at paragraph 3:

Petitioner states that the conduct involved in the offense that resulted in a revocation/suspension in Illinois would not have resulted in a revocation/suspension longer than three years had the offense occurred in this

state. The offense of OVI of which Petitioner was convicted in Illinois would have a maximum suspension of 3 years in Ohio. More than one year has elapsed since the end of the Illinois suspension and Petitioner cannot obtain an Ohio driver's license, because of the suspension/revocation. It causes an undue hardship for Petitioner because he cannot drive to and from or during his employment.

{¶ 4} R.C. 4507.08(D)(5) distinguishes cancellation or revocation of driving licence or privileges from their suspension. If privileges are cancelled or revoked, a petition may be filed pursuant to that section at "the expiration of one year after the license was cancelled or revoked." If privileges were instead merely suspended, the petition may be filed after "the period of suspension ends." In either alternative, in order to be granted driver's privileges which R.C. 4507.08(D) otherwise prohibits, the petitioner must demonstrate that "the conduct involved in the offense that resulted in suspension, cancellation, or revocation in the foreign jurisdiction would not have resulted in a suspension, cancellation, or revocation had the offense occurred in this state."

{¶ 5} Alvarado's petition was referred to a magistrate, who filed a decision denying the petition. Alvarado filed objections. The trial court overruled the objections, finding:

> R.C. 4507(D)(5) prohibits the issuance of an Ohio license to the plaintiff until the period of the plaintiff's Illinois suspension ends. The period of the plaintiff's Illinois suspension has not yet ended, because the plaintiff has not yet met the Illinois requirements for license reinstatement.

The conduct involved in the plaintiff's Illinois OVI offenses would have likewise resulted in suspension of the plaintiff's right to drive in Ohio, had the plaintiff's OVI conduct occurred in Ohio. The plaintiff's assertion that the length of time of the suspension is relevant is misplaced, as the Ohio General Assembly obviously chose not to address the lengths of time of other jurisdiction license suspensions, as compared to Ohio license suspensions for similar offense conduct, when it enacted R.C. 4507.08(D)(5). This court concludes that the legislative intent appears to require that when a driver has his license suspended in another jurisdiction, that driver should be required to meet the license reinstatement requirements of the jurisdiction that imposed the suspension before the driver may be issued a driver's license by the State of Ohio.

* * *

The plaintiff's Illinois license suspension has not terminated because the plaintiff has not met the Illinois requirements for reinstatement. The State of Ohio is prohibited from issuing an Ohio license to the plaintiff under R.C. 4507.08(D)(5) and R.C. 4510.61, Article V. [Dkt. 9(B), (C)].

{¶ 6} Alvarado filed a timely notice of appeal. He presents four assignments of error.

{¶ 7} First assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY DECIDING THAT APPELLANT'S ILLINOIS LICENSE SUSPENSION HAD NOT TERMINATED."

{¶ 8} Second assignment of error:

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DECIDING THAT THE ILLINOIS LICENSE SUSPENSION PERIOD HAD NOT ENDED."

{¶ 9} Third assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY IGNORING THE PLAIN LANGUAGE OF R.C. 4507.08 AND R.C. 4510.61."

{¶ 10} Fourth assignment of error:

"THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 11} The gravamen of Alvarado's arguments in support of the errors he assigns is that had his driving privileges been suspended by Ohio, then due to the passage of time and opportunities for restoration of the privileges made available to him by Ohio those privileges would by now have been restored by Ohio. However, and as the trial court found, that is not the basis for a restoration of driving privileges pursuant to R.C. 4507.08(D)(5).

{¶ 12} R.C. 4507.08(D)(5) expressly provides that the applicant must demonstrate that "the conduct involved in the offense that resulted in suspension, cancellation, or revocation in the foreign jurisdiction would not have resulted in suspension, cancellation, or revocation had the offense occurred in this state." The trial court found that Alvarado's 1986 OVI offense in Illinois, had it occurred in Ohio, would have resulted in a suspension in this state. We agree with that finding, which required the court to deny Alvarado's petition. The fact that the suspension would have been of a shorter duration had it been imposed by Ohio is immaterial. Any unjustified failure on the part of the State of Illinois to restore Alvarado's driver's

privileges must be resolved in and by Illinois. We note that, in his decision, the magistrate identified a basis on which Alvarado is now eligible to apply for reinstatement of his driving privileges by Illinois.

{¶ 13} The assignments of error are overruled. The judgment of the trial court will be affirmed.

Donovan, J., and Hall, J., concur.


Copies mailed to:

Wilfred L. Potter, Esq.
T. Joann Huenke, Esq.
Hon. Thomas E. Trempe